## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER M. SHAUD,** | : | **No. 3:07cv1212** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **SUGARLOAF TOWNSHIP** | : | |
| **SUPERVISORS,** | : | |
| **JOHN HUDSON,** | : | |
| **TOMMY BROWN,** | : | |
| **JUDY JAMES,** | : | |
| **STANLEY GORSKY,** | : | |
| **WILBER GOOD,** | : | |
| **SUGARLOAF TOWNSHIP FIRE** | : | |
| **DEPARTMENT,** | : | |
| **JAMES A. SCHNEIDER,** | : | |
| **SHARON SLUSSER,** | : | |
| **DAVID LUPAS,** | : | |
| **DANNY O'DONNELL,** | : | |
| **PETER PAUL OLSZEWSKI, JR.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court is plaintiff's motion for an appointed attorney and motion to proceed *in forma pauperis*. We give the complaint an initial screening to determine whether it should be served on the defendants.

## I. Background

This complaint grows out of a series of disputes between the plaintiff and Sugarloaf Township, as well as between the plaintiff and his neighbor, Sharon

Slusser.  Plaintiff contends that he received an out-of-court settlement after a Township police officer assaulted his wife in 1997, and that the township has retaliated against him since that settlement by failing to enforce the laws fairly or properly investigate complaints raised by the plaintiff about his neighbor's behavior and violations of Township ordinances.  In addition, he has faced continual harassment from his neighbor and her children, much of it related to his disability of post-traumatic stress disorder.  Schlusser's children have allegedly shot plaintiff with a pellet gun, thrown and hit rocks onto plaintiff's property, had illegal bonfires, trespassed, pointed guns at plaintiff's home, brought illegal weapons onto plaintiff's property and made obscene and rude comments to plaintiff.  Their mother, Mrs. Schlusser, also allegedly made inappropriate comments about plaintiff's disability, suggesting that he take an overdose of medication that would kill him.

Plaintiff's *pro se* complaint, filed on July 3, 2007, alleges that the defendants have violated a variety of plaintiff's rights.  (See Doc. 1).  The complaint does not make specific allegations against particular parties, but contends that all defendants were involved in "at least one" of a series of improper acts.[1]  Those alleged acts included: aiding and abetting unlawful discrimination; malicious prosecution;

---

[1]Plaintiff's complaint states that he brings the action pursuant to the Americans with Disabilities Act.  The substance of his complaint, however, appears to address the alleged failure of the Township to protect his constitutional rights.  Accordingly, we will also assume that he intended to bring his complaint under 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights under the color of state law.  We have also turned to the documentation that plaintiff supplied in addition to his complaint for a fuller statement of the grounds for the action.

retaliation; harassment; public stalking; interference with plaintiff's right to enjoy his family home; threats of physical harm; due process violations; equal protection violations; causing physical harm; and conspiracy.  Plaintiff also filed simultaneously with the complaint a motion to proceed *in forma pauperis*, a motion to have an attorney appointed, and several exhibits related to the events that gave rise to the case and to complaints plaintiff filed with state agencies and courts.

## II.  Jurisdiction

Because plaintiff brings his complaint pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, we have jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We  have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III.  Legal Standard

Under 28 U.S.C. § 1915(d), we are permitted "to consider whether an *in forma pauperis* complaint is frivolous or malicious before authorizing issuance of the summons and service of the complaint." Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).  We may "dismiss as frivolous claims based on an indisputably meritless legal theory and whose factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  We undertake such an evaluation before service of the complaint.

3

## IV. Discussion

We will address each of the defendants in turn.

### A. Immunity for Certain Defendants

#### i. Judge O'Donnell

The United States Supreme Court has been clear that "'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" Stump v. Sparkman, 435 U.S. 349, 355 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)).  This doctrine aims to keep judges independent from influence and protect them from intimidation by those who would use the threat of court action to influence the outcome of a proceeding.  See Pierson v. Ray, 386 U.S. 547, 554 (1967) (finding that "it is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feeling in the litigants.  His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption.  Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.").

Judges enjoy this immunity for all actions, no matter how erroneous or malicious, so long as when the judge took "the challenged action he had jurisdiction over the subject matter before him." Stump, 435 U.S. 356.  See Mireles v. Waco,

502 U.S. 9, 13 (1991) (holding that a judge accused of ordering deputies to use excessive force to bring an attorney who failed to appear before the judge to a courtroom was immune because compelling attorneys to appear was a judicial function, regardless of whether the judge ordered the use of excessive force.).  This doctrine applies in cases brought under Section 1983.   See Dennis v. Sparks, 449 U.S. 24, 27 (1980) (holding that "judges defending against §1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities.").  In any case, the key question in such cases is whether the judge's act was judicial in nature, and whether the judge acted within the bounds of her jurisdiction.

Plaintiff's complaints against Magistrate Judge O'Donnell all relate to his performance of his duties as a judge.  Plaintiff contends that Judge O'Donnell made decisions based on his relationship to parties to the litigation and on other corrupt motives.  Included in the papers plaintiffs filed are copies of complaints to the Pennsylvania Judicial Conduct Board regarding Magistrate Judge O'Donnell.  These complaints all point to what plaintiff considers improper behavior and motives behind the Judge's decisions in cases involving plaintiff.  Such decisions are all judicial in nature and Defendant Judge O'Donnell enjoys immunity from suit for them.  We will accordingly dismiss the case against him.

### ii.  Judge Olszewski

For the same reasons that Magistrate Judge O'Donnell enjoys immunity from

suit for his judicial actions, Judge Olszewski also enjoys immunity in this case.  The allegations against Judge Olszewski all concern his actions as the judge of a court of general jurisdiction.  As such, he is immune from suit in this court and we will dismiss the case against him.

### iii.  Defendant Lupas[2]

The United States Supreme Court has found that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  See Kulwicki v. Dawson, 969 F.2d 1154, 1163-64 (3d Cir. 1992) (holding that "[t]he decision to initiate a prosecution is at the core of a prosecutor's judicial role [citations omitted].  A prosecutor is absolutely immune when making this decision, even where he acts without a good faith belief that any wrongdoing has occurred [citations omitted].  Harm to a falsely-charged defendant is remedied by safeguards built into the judicial system–probable cause hearings, dismissal of the charges–and into the state codes of professional responsibility.").   Here, plaintiffs' complaint is related to a suit initiated by Defendant Lupas, the local prosecutor, against him.  Lupas is immune from suit over his actions in initiating that suit, and we will therefore dismiss the case against him.

### iv.  Township Solicitor James A. Schneider

---

[2]Defendant Lupas has recently been elected to the Court of Common Pleas of Luzerne County, Pennsylvania.

James A. Schneider served as Township solicitor during the period in question.  Plaintiff's complaint and the documents filed with it contain no specific information or allegations related to Solicitor Schneider.  To the extent, however, that plaintiff's complaint with Solicitor Schneider has to do with his participation in the legal actions against him about which plaintiff complains, the defendant would be entitled to immunity from suit for the same reasons that Defendant Lupas would.  In any case, because plaintiff makes no allegations against Defendant Schneider, we find that plaintiff's complaint against him is frivolous and baseless, and will dismiss the action against him.

### B.  Defendant Slussser

Plaintiff names Sharon Slusser in the lawsuit, identifying her as a "Sugarloaf Township Neighbor."  Many of the allegations in the complaint and other documentation provided by the plaintiff reference Defendant Slusser.  These allegations include complaints that Slusser allowed her children to trespass on plaintiff's property, permitted them to engage in threatening behavior towards plaintiffs, tore down a no trespassing sign posted by the plaintiff, used threatening, slanderous and abusive language towards plaintiff and made false statements to investigators.  While these allegations certainly evidence years of animosity and conflict between plaintiff and Defendant Slusser and her family, they do not provide this court with jurisdiction to hear claims against her.

We have construed plaintiff's claims as before this court pursuant to 42 U.S.C.

7

§ 1983, which provides a cause of action for plaintiffs whose civil rights are violated by those acting under color of state law.  From plaintiff's complaint, it is clear that Defendant Slusser is not an employee of Sugarloaf Township, nor could she be fairly construed as a state actor.  We will accordingly dismiss that portion of the complaint against Defendant Slusser that alleges she violated plaintiff's constitutional rights under the color of state law, since plaintiff cannot raise such a claim against her. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (holding that "[t]o state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law . . .  the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful[.]'") (citations omitted).  Any claim against her under Section 1983 would therefore be baseless, and we will dismiss it.

Plaintiff also alleges a cause of action under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, which provides persons with disabilities protection against discrimination in public services, accommodations and employment.  Here, Defendant Slusser does not employ the plaintiff and does not operate as a public entity; she therefore could only be liable under the act if she were a private individual offering a public service.  See 42 U.S.C. § 12182 (establishing that "[n]o individual shall be discriminated against on the basis of

8

disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any place of public accommodation by any

person who owns, leases (or leases to), or operates a public accommodation.).

Since defendant Slusser does not perform any sort of public service or provide a

public accommodation, any claim by plaintiff against her under the ADA would be

indisputably meritless.  See, e.g., Emerson v. Thiel College, 296 F.3d 184, 189 (3d

Cir. 2002) (holding that individual defendants could not be liable under the ADA

unless they "own, lease or operate . . . a place of public accommodation.");

Goonewardena v. State of New York, 475 F. Supp. 2d 310, 322 (S.D. N.Y. 2007)

(finding that individual private defendants could not be named under the ADA

because "they do not operate, own or lease a private entity which offers public

accommodation.").   We will accordingly dismiss Defendant Slusser from the case.

### C.  Township Board of Supervisors

The material attached to plaintiff's complaint contains only one allegation of

inappropriate behavior on the part of the Board of Supervisors.  In one of his

complaints to the Pennsylvania Human Rights Commission, plaintiff appears to

allege that the Board of Supervisors refused to investigate complaints, enforce

ordinances or address matters of concern to the plaintiff because of plaintiff's

disability, post-traumatic stress disorder.  While plaintiff's allegations on this matter

are not entirely clear, if appears that he has attempted to state a claim under the

Americans with Disabilities Act, as well as a class-of-one equal protection claim.

Under the "class-of-one" theory, a plaintiff may obtain relief for equal protection violations "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). The Third Circuit has held that a plaintiff asserting a "class of one" claim "must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006). Such a claim, therefore, is neither clearly frivolous or baseless, and we will allow service of process to the Board of Supervisors so that plaintiff can pursue this cause of action.

### D.  Sugarloaf Police Officers[3]

#### i.  Chief John Hudson

Plaintiff alleges that Police Chief Hudson refused to investigate his claims that Slusser's son shot at him, as well as plaintiff's claims that Slusser's children had trespassed on his property.  Plaintiff alleges that the police irrationally refused to enforce the laws based on an animus towards him.  In some sense, this claim amounts to a substantive due process claim under the Fourteenth Amendment: plaintiff alleges that defendants failed to enforce the law against his neighbor,

---

[3]Plaintiff includes with his complaint a summary of an investigation by the Governor's Center for Local Government Services of the Sugarloaf Township Police Department.  The report is wide-reaching and critical in evaluating the performance of the department.  It does not, however, address the facts that gave rise to plaintiff's claim and therefore is not relevant to the instant decision.

injuring the plaintiff by depriving him of his right to be safe in his home.  The United

States Supreme Court has been clear, however, that "nothing in the language of the

Due Process clause itself requires the State to protect the life, liberty, and property

of its citizens against invasion by private actors."  Deshaney v. Winnebago County

Dept. of Social Servs., 489 U.S. 189, 195 (1989).  In Deshaney, the Court found that

the plaintiff could not bring a substantive due process claim against child welfare

agencies for failing to protect him from physical abuse by his father.  See Id. at 196

(holding that "our cases have recognized that the Due Process Clauses generally

confer no affirmative right to governmental aid, even where such aid may be

necessary to secure life, liberty, or property interests of which the government itself

may not deprive the individual.") .  Similarly, a claim for substantive due process

violations cannot lie here, as plaintiff alleges that the neighbor violated the law and

caused his injuries.

Plaintiff appears to allege, however, that the reason motivating the police's

unwillingness to enforce the laws when he complained was animus towards him

because of his disability, post-traumatic stress disorder.   In effect, plaintiff is raising

a "class of one" equal protection claim.  He contends that the Chief and other police

officials irrationally refused to enforce the laws because of their individualized

animus towards him.  The United States Supreme Court has stated that "[o]ur cases

have recognized successful equal protection claims brought by a 'class of one,'

where the plaintiff alleges that she has been intentionally treated differently from

11

others similarly situation and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also, Holder v. City of Allentown, 987 F.2d 188, 197 (3d Cir. 1993) (finding that "it has long been established that discriminatory enforcement of a statute or law by state and local officials is unconstitutional."). Accordingly, our generous reading of the facts in this case leads us to the conclusion that plaintiff's equal protection claim against Chief Hudson is not baseless or frivolous, and we will allow service of the complaint on that issue.

### iii.  Patrolman Tommy Brown

Documentation included with the complaint indicates that Police Officer Tommy Brown responded to several calls at the plaintiff's home, including some that occurred as late as 2006. Plaintiff complains that Officer Brown refused to take action or to investigate complaints against plaintiff's neighbor. He also appears to allege that this inaction was the result either of defendant's animus towards the plaintiff because of his disability or in retaliation for plaintiff's earlier, settled lawsuit against the Township. For reasons similar to those related to Police Chief Brown, we find these allegations sufficient to overcome the low hurdle set by the IFP act. Plaintiff could conceivably produce evidence that he had been denied police protection on the basis of his disability; if he could show that other similarly situated persons were treated differently, he could make out a "class of one" equal protection claim. We will therefore allow the complaint to be served on Patrolman Brown.

### E. Township Officials

#### i. Wilbur Good

The complaint names Wilbur Good as the Township's tax collector.  His

complaint to the Pennsylvania Human Relations Commission contends that on

August 23, 2000 Defendant Good, "without cause or notice, put our home up for

sale.  Retaliation."  (Complaint to the Pennsylvania Human Relations Commission

(Doc. 4-3) (hereinafter "PHRC Complaint") at ¶ 9).  This is the only mention of Good

in the materials provided by the defendant.  State law applies to §1983 claims when

determining the appropriate statute of limitations "if it is not inconsistent with federal

law or policy to do so."  Wilson v. Garcia, 471 U.S. 261, 265 (1985).  Pennsylvania

law requires that the plaintiff commence his action within two years of his injury.  See

42 Pa. CONS. STAT .ANN. §5524(7) (establishing a two-year statute of limitations for

"any . . . action or proceeding to recover damages for injury to person or property

which is founded on negligent, intentional, or otherwise tortious conduct").

Moreover, Pennsylvania courts have ruled that the statute of limitations begins to run

in cases where an injury is ongoing "when the plaintiff knows, or reasonably should

know: (1) that he has been injured, and (2) that his injury has been caused by

another party's misconduct."  Cathcart v. Keene Indus. Insulation, 471 A.2d 493, 500

(Pa. Super. Ct. 1984).  Plaintiff's claim against Defendant Good therefore accrued in

2000, when he became aware of the defendant's efforts to have his home sold.

Since plaintiff did not file his complaint until 2007, his claim against Good is barred

by the statute of limitations and therefore could not succeed.  We will dismiss

Defendant Good from the case because plaintiff's claims against him are frivolous

and without legal basis.

### ii.  Judy James

The complaint names Judy James as the Sugarloaf Township Secretary.  Nothing in

the complaint alleges any improper behavior from Defendant James, and none of the

supporting material provided by the plaintiff contains any allegations against her.  Any

claim against her would therefore be baseless and frivolous, and we will deny the motion to

proceed *in forma pauperis* as it pertains to Judy James.

### iii.  Stanley Gorsky

Plaintiff's complaint against Stanley Gorsky, a township zoning officer, alleges that

in 2002 he failed to investigate properly a complaint plaintiff filed against his neighbor for

unauthorized construction on her property.  (PHRC Complaint at ¶ 13).  Plaintiff

complained about this policy in 2002.  (Id. at ¶ 14).  According to plaintiff, Gorsky failed to

enforce the law.  (Id. at ¶ 15).  As with Defendant Good, plaintiff's claim against Defendant

Gorsky accrued in 2002, and the statute of limitations has therefore run.  We will therefore

deny plaintiff's motion to proceed *in forma pauperis* as it relates to Defendant Gorsky and

dismiss the case against him.

### F.  Township Fire Department

Plaintiff complains that the Township Fire Department and its chief refused to

respond to his complaints in July 2006 about his neighbor's illegal trash burning near

his home.  (See Plaintiff's Final PHRC Complaint, attached as Doc. 4-2 in group of

14

exhibits to Plaintiff's Complaint (Doc. 1) at ¶¶ 33-35).  We take this complaint against

the fire department as one alleging a violation of plaintiff's equal protection rights: he

contends that the Township Fire Department refused to enforce the laws in an equal

fashion because of a prejudice against him.  For the same reasons that we allow

service of the complaint against police department officials, we would allow service

of the complaint against the Fire Department for an equal protection violation.

We note that here, however, plaintiff does not name allege any specific

actions by any individual fire department officials and therefore appears to bring suit

against the Fire Department and its Chief as an entity without describing any official

policy or custom that led to the violation of his rights.  *Respondeat Superior* liability is

unavailable under Section 1983.  Instead, "a local governing body can be held liable

only for an official policy or custom."  San Filippo v. Bongiovanni, 30 F. 3d 424, 445

(3d Cir. 1994).  Under the standard first articulated in Monell v. Dept. of Soc. Servs.,

"local governing bodies . . . can be sued directly under §1983 . . . where, as here, the

action that is alleged to be unconstitutional implements or executes a policy

statement, ordinance, regulation, or decision officially adopted and promulgated by

that body's officers."  Monell v. Dept. of Soc. Servs. of the City of New York, 436

U.S. 658, 690 (1978). Thus, "[a] public entity . . . may be held liable for the violation

of a constitutional right under 42 U.S.C. § 1983 only when the alleged

unconstitutional action executes or implements policy or a decision officially adopted

or promulgated by those whose acts may fairly be said to represent official policy."

Reitz v. County of Bucks, 125 F.3d 139, 144 (3d Cir. 1997).  Liability exists when

"'there is a direct causal link between a municipal policy or custom and the alleged

constitutional deprivation.'" Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3d Cir.

2001) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).  Since plaintiff

has not alleged that any particular policy or custom caused his deprivation, but

merely states that on one occasion unnamed members of the Fire Department did

not put out a fire he claimed was illegal, any action against the Fire Department must

fail.  Even under the most generous reading of the facts, plaintiff could not make out

a claim that the fire department had a policy or custom of not responding to calls

based on the mental-health status of the caller.  We therefore find all claims against

the Fire Department frivolous and will dismiss the Department from the case.

## V.  Motion to Appoint Counsel

Plaintiff also seeks to have the court appoint counsel to represent him in this

dispute.  This is a civil matter, and the Third Circuit Court of Appeals has pointed out

that "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to

appointed counsel." Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002).  Still,

federal law allows "district courts statutory authority to 'request appointed counsel for

indigent civil litigants.'" Id. (quoting 28 U.S.C. § 1915(e)(1)).  In the Third Circuit,

courts have "'broad discretion' to determine whether appointment of counsel in a civil

case would be appropriate." Id. (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir.

1993)).  The Court has laid out several factors for a court to consider in determining

whether to appoint counsel.  First, "[a]s a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law."  Id. at 498-99.  Next, a court must evaluate several factors, including "1.  the plaintiff's ability to present his or her own case; 2.  the difficulty of the particular legal issues; 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4.  the plaintiff's capacity to retain counsel on his or her own behalf; 5.  the extent to which a case is likely to turn on credibility determinations, and 6.  whether the case will require testimony from expert witnesses."  Id. at 499 (quoting Tabron, 6 F.3d at 155-57).  Though these factors are not exhaustive, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  Id.

        We have found that some of the allegations in plaintiff's complaint allow him to clear the low hurdle for service of process in cases brought pursuant to the *in forma pauperis* statute.  Meeting that standard, however, does not entitle plaintiff to an appointed attorney.  Applying the factors articulated in Tabron v. Grace, *supra*, we conclude that appointing an attorney for plaintiff would be inappropriate.  Given the voluminous filings and argument offered by the plaintiff, we are persuaded that he can present his own case.  Similarly, the case against the remaining defendants does not appear particularly complex, and the legal standards for overcoming any defenses are quite familiar.  The case will turn on the facts, and plaintiff will not have

17

to articulate any novel legal theories to prevail.  While plaintiff's case will require some investigation, plaintiff's filings indicate he has undertaken some of that investigation already.  In addition, the defendants are public officials, and the availability of records and testimony from such officials is not in question.  Plaintiff contends that he lacks resources to retain an attorney, and that factor should weigh in his favor.  The remaining factors, however, weigh against appointing an attorney: the case will largely turn on the fact-finder's credibility determination, and untangling plaintiff's dispute with the police and township will not require the assistance of expert witnesses.  Finally, because the court is not convinced that plaintiff's allegations will ultimately have merit, we will decline to expend limited legal resources on appointing an attorney in this case.  We will therefore deny the plaintiff's motion on this point.

## VI.  Conclusion

For the reasons stated above, we will grant the plaintiff's motion to proceed *in forma pauperis* in part and deny it in part.  We will also deny the plaintiff's motion to have the court appoint an attorney to represent him.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER M. SHAUD,** | : | **No. 3:07cv1212** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **SUGARLOAF TOWNSHIP** | : | |
| **SUPERVISORS,** | : | |
| **JOHN HUDSON,** | : | |
| **TOMMY BROWN,** | : | |
| **JUDY JAMES,** | : | |
| **STANLEY GORSKY,** | : | |
| **WILBER GOOD,** | : | |
| **SUGARLOAF TOWNSHIP FIRE** | : | |
| **DEPARTMENT,** | : | |
| **JAMES A. SCHNEIDER,** | : | |
| **SHARON SLUSSER,** | : | |
| **DAVID LUPAS,** | : | |
| **DANNY O'DONNELL,** | : | |
| **PETER PAUL OLSZEWSKI, JR.,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

**AND NOW**, to wit, this 4th day of February 2008, the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED** in part and **DENIED** in part, as follows:

1) The Clerk of Court is authorized to issue summons and the plaintiff is authorized to serve the complaint for the following defendants:

    a) Sugarloaf Township Supervisors

    b) Tommy Brown

c) John Hudson

2) The motion to proceed *in forma pauperis* is **DENIED** with respect to all other defendants.  The Clerk of Court is directed to **CLOSE** the case with respect to the following defendants:

a) Judy James

b) Stanley Gorsky

c) Wilber Good

d) Sugarloaf Township Fire Department

e) James A. Schneider

f)  Sharon Slusser

g) David Lupas

h) Danny O'Donnell, and

i) Peter Paul Olszewski, Jr.

In addition, plaintiff's motion to appoint counsel (Doc. 3) is hereby **DENIED**

BY THE COURT:


**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**