# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER M. SHAUD,** | : | No. 3:07cv1212 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **SUGARLOAF TOWNSHIP** | : | |
| **SUPERVISORS, et al.,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is the plaintiffs' motion for appointment of counsel (Doc. 84) in the instant civil-rights action.

**Background**

This case arises out of disputes between plaintiff, his neighbor and officials in Sugarloaf Township and Luzerne County, Pennsylvania. Plaintiff alleges that the defendants have violated his equal protection rights and his rights under the Americans with Disabilities Act (ADA) by refusing to enforce the law against neighbors with whom he has had numerous disputes.

Plaintiff filed an initial complaint on and motion to proceed *in forma pauperis* on July 7, 2007. (Doc. 1). After giving the complaint an initial screening as required by the statute authorizing plaintiffs to proceed *n forma pauperis*, the court authorized service of the complaint on several of the defendants plaintiff had named. (See Doc. 13). Before the complaint could be served, plaintiff filed an amended complaint,

which consisted of 456 pages. (See Docs. 71-73). That complaint named several of the defendants who had previously been dismissed from the complaint, as well as naming a number of additional defendants and making a number of additional factual allegations. The court gave this complaint another initial screening. The court dismissed several of the parties and claims, but allowed service of the complaint on several other parties. (See Doc. 76). The plaintiff then filed the instant motion for appointed counsel, bringing the case to its present posture. (See Doc. 84).[1]

**Jurisdiction**

Because plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, we have jurisdiction pursuant to 28 U.S.C. §1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Discussion**

Plaintiff requests that the court appoint him counsel because his he lacks the funds to obtain counsel and suffers from various health conditions making it difficult for him to prosecute his case. The law provides that the court may request an attorney to represent a party unable to employ counsel. 28 U.S.C. § 1915; Local Rule of Civil Procedure 83.34.1-83.34.4. The United States Court of Appeals for the

---

[1] The plaintiff docketed two motions for appointment of counsel. (See Docs. 84-85). This filing appears to be inadvertent, as both motions seek the same action from the court. The court will therefore treat both as one motion.

2

Third Circuit has delineated the following factors to consider in determining whether counsel should be appointed to a *pro se* civil litigant: 1) whether the plaintiff's claim contains arguable merit; 2) whether the *pro se* litigant has demonstrated the ability to present his own case; 3) the difficulty of the particular legal issues; 4) the degree to which a factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation; and 5) the extent to which the case is likely to turn on credibility determinations. Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993). The Tabron court further noted that significant practical restraints temper the court's ability to appoint counsel and that volunteer lawyer time is a precious commodity. Because volunteer lawyer time is limited, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer for a deserving cause. Id. at 157.

The first of the factors outlined in Tabron–whether the claims have arguable merit–weighs heavily against the plaintiff. Plaintiff's remaining claims are that Township Officials and police officers discriminated against him in the enforcement of the laws because he suffered from disabilities and because of other animus. While the court has concluded that it is not inconceivable that plaintiff could prevail on such claims, the court finds that the likelihood of success is not great. Defendants could demonstrate that they are entitled to qualified immunity from such claims or that the reasons for their decisions were unrelated to plaintiff and his condition. Plaintiff's complaint stems largely from dissatisfaction with the way that

3

officials have addressed a dispute between him and a neighbor, and it is unlikely for constitutional claims to arise from such circumstances.

The second of the Tabron factors also weighs against appointing counsel for the plaintiff. Plaintiff's complaint, while not a model of concise legal drafting, presents plaintiff's claims in a manner that allows the court to evaluate them and the defendants to answer them. While plaintiff complains that he lacks the physical energy and stamina to prosecute the action, he has filed several motions, a complaint totaling several hundred pages in length, and cited appropriate law in seeking reconsideration of court decisions and assistance in serving his complaint. (See Docs. 77, 79, 80, 81, 82, 83). All of these actions demonstrate plaintiff's ability to assert his own interests in this case.

The third factor outlined in Tabron similarly counsels against appointing counsel. The matter is not exceedingly complex. The legal standards for plaintiff's claims of disability discrimination and violations of his right to equal protection of the laws liability are well-established and relatively straightforward. Plaintiff need not research obscure or esoteric legal doctrines to understand what he must prove to prevail in his case. The law on this matter, therefore, is not too complex for him to address without the assistance of a lawyer.

The amount of factual investigation in the case will also not be extensive and not require the intervention of an experienced attorney to conduct. The key to plaintiff's claims will be demonstrating that officials refused to enforce laws because

4

of his disability or because of some other inappropriate reason.  Most of the facts related to this issue, as plaintiff's voluminous complaint attests, are already well known to plaintiff and would not require extensive discovery to uncover.  The court's decision approving service of the complaint has pared down the number of defendants to a manageable size and defendant can obtain their testimony if necessary.  The fourth Tabron factor, the amount of factual investigation required, therefore also weighs against appointing counsel.

The court finds the fifth factor–the extent to which the case will turn on credibility determinations–also to weigh against appointment of counsel.  If plaintiff were actually to bring his claims to trial, the outcome would largely turn on whether a jury believed defendants' explanations for the decisions to prosecute the plaintiff.  Such a case does not require plaintiff to engage expert witnesses, prepare elaborate direct or cross examinations based on complicated factual material or construct detailed exhibits.  Plaintiff need only identify for the jury implausibilities and inconsistencies in witnesses' statements and testimony and convince a jury not to believe those witnesses.  Those types of credibility determinations do not require appointed counsel.

All five of the Tabron factors therefore weigh against the plaintiff, and the court will deny plaintiff's motion for appointment of counsel.  Given the scarcity of available volunteer representation for *pro se* clients, the court will not expend the court's limited resources on this case.  The case does not appear to have arguable merit,

5

and the plaintiff has demonstrated an ability to advance his interests without the assistance of counsel. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER M. SHAUD,<br>　　　Plaintiff | : | No. 3:07cv1212 |
| | : | (Judge Munley) |
| v. | : | |
| SUGARLOAF TOWNSHIP<br>SUPERVISORS, et al.,<br>　　　Defendant | : | |

## ORDER

**AND NOW**, to wit, this 15th day of March 2010, the plaintiff's motions for appointment of counsel (Docs. 84-85) are hereby **DENIED**.

　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　s/ James M. Munley
　　　　　　　　　　　　　　JUDGE JAMES M. MUNLEY
　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT