# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER M. SHAUD, | : | No. 3:07cv1212 |
|     **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| SUGARLOAF TOWNSHIP SUPERVISORS; | : | |
| JOHN HUDSON; | : | |
| TOMMY BROWN; | : | |
| SUGARLOAF TOWNSHIP; | : | |
| ROBERT STAZIOLA; | : | |
| JOYCE P. STEVENS; | : | |
| EARL MILLER; | : | |
| TYLER FREDERICK; | : | |
| DUANE HILEBRAND; and | : | |
| ALAN HOUSEKNECHT | : | |
|     **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court are defendants' motions to dismiss (Docs. 98, 100, 107) plaintiff's complaint. Having been fully briefed, the matter is ripe for disposition.

**Background**

This complaint grows out of a series of disputes between the plaintiff and Sugarloaf Township, as well as between the plaintiff and his neighbor, Sharon Slusser. Plaintiff contends that he received an out-of-court settlement after a Township police officer assaulted his wife in 1997, and that the township has retaliated against him since that settlement by failing to enforce the laws fairly or

properly investigate complaints raised by the plaintiff about his neighbor's behavior and violations of Township ordinances. In addition, he has faced continual harassment from his neighbor and her children, much of it related to his disability of post-traumatic stress disorder. Schlusser's children have allegedly shot plaintiff with a pellet gun, thrown and hit rocks onto plaintiff's property, had illegal bonfires, trespassed, pointed guns at plaintiff's home, brought illegal weapons onto plaintiff's property and made obscene and rude comments to plaintiff. Their mother, Mrs. Schlusser, also allegedly made inappropriate comments about plaintiff's disability, suggesting that he take an overdose of medication that would kill him.

Plaintiff's *pro se* complaint, filed on July 3, 2007, alleged that the defendants have violated a variety of plaintiff's rights. (See Doc. 1). The complaint did not make specific allegations against particular parties, but contends that all defendants were involved in "at least one" of a series of improper acts.[1] Those alleged acts included: aiding and abetting unlawful discrimination; malicious prosecution; retaliation; harassment; public stalking; interference with plaintiff's right to enjoy his family home; threats of physical harm; due process violations; equal protection violations; causing physical harm; and conspiracy. Plaintiff also filed simultaneously with the complaint a motion to proceed *in forma pauperis*, a motion to have an attorney

---

[1] Plaintiff's complaint states that he brings the action pursuant to the Americans with Disabilities Act. The substance of his complaint, however, appears to address the alleged failure of the Township to protect his constitutional rights. Accordingly, we will also assume that he intended to bring his complaint under 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights under the color of law.

appointed, and several exhibits related to the events that gave rise to the case and to complaints plaintiff filed with state agencies and courts.

After the court rendered a decision on plaintiff's initial IFP complaint, which dismissed several of the defendants and allowed service on others (See Doc. 13), plaintiff filed an amended complaint. (See Docs. 71-73 (hereinafter "Amended Complt.")). This complaint raised allegations against many of the defendants the court had previously dismissed with prejudice, and the court therefore provided that second *in forma pauperis* complaint with another initial screening. On February 2, 2010, the court issued a decision authorizing service of the complaint on the above-named defendants. (See Doc. 76). After plaintiff served the complaint the defendants filed the instant motions to dismiss. (Docs. 93, 98, 100). The parties then briefed the issues, bringing the case to its present posture.

**Jurisdiction**

Because plaintiff brings his complaint pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that

3

they form part of the same case or controversy under Article II of the United States Constitution.").

**Legal Standard**

Defendants seek dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). When a defendant files a motion pursuant to Rule 12(b)(6), all well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988) (citing Estate of Bailey by Oare v. County of York, 768 F.3d 503, 506 (3d Cir. 1985), (quoting Helstoski v. Goldstein, 552 F.2d 564, 565 (3d Cir. 1977) (per curiam)). The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" a standard which "does not require 'detailed factual allegations,'" but a plaintiff must make "'a showing, rather than a blanket assertion, of entitlement to relief' that rises 'above the

4

speculative level.'" McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Id.

**Discussion**

The motions to dismiss contain somewhat different grounds. The court will address each motion in turn.

**A. Motion of Sugarloaf Township, Sugarloaf Township Supervisors, Robert Stanziola, Earl Miller, Joyce P. Stevens and Tyler Frederick**

Plaintiff's final amended complaint names the Township Board of Supervisors and the individual supervisors on a variety of counts. The defendants raise various grounds for dismissing the claims against them, which the court will address as appropriate.

### i. Statute of Limitations

Defendants argue that plaintiff's claims against the Township Supervisors are barred by the applicable statute of limitations. State law applies to §1983 claims when determining the appropriate statute of limitations "if it is not inconsistent with federal law or policy to do so." Wilson v. Garcia, 471 U.S. 261, 265 (1985).

5

Pennsylvania law requires that the plaintiff commence his action within two years of his injury. See 42 Pa. CONS. STAT .ANN. §5524(7) (establishing a two-year statute of limitations for "any . . . action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct"). Moreover, Pennsylvania courts have ruled that the statute of limitations begins to run in cases where an injury is ongoing "when the plaintiff knows, or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's misconduct." Cathcart v. Keene Indus. Insulation, 471 A.2d 493, 500 (Pa. Super. Ct. 1984).

The Defendant Board of Supervisors and the individual supervisors allege that the only claims plaintiff brings specifically against the board are claims based on the Supervisor's actions an August 13, 2002 board meeting. Since plaintiff alleges that he was present at this meeting but did not file his initial complaint until 2007, defendants argue that the statue of limitations had run on plaintiff's claims against the Supervisors.

The Court will grant the Supervisors' motions, though for slightly different reasons. Plaintiff's amended complaint raises 58 counts. Plaintiff filed his original complaint on July 3, 2007. As a general matter, then, any claims which accrued before July 5, 2005 are barred by the statute of limitations. Plaintiff's first thirty-three

6

counts all accrued before July 5, 2005 and are barred by the statute of limitations.[2]
All of those complaints involve conduct by public officials or private individuals of which plaintiff was aware, and caused injuries of which he was immediately aware as well. Of plaintiff's remaining twenty-five claims, none allege conduct by members of the Board of Supervisors in any specific way, but merely name the Board and the individual supervisors, as every claim does.[3] Many of these claims focus on the

---

[2] The court has concluded that the counts accrued on the following dates: Count 1, 2000; Count 2, 1998; Count 3, 1997; Count 4, 2000; Count 5, 2002 (there is no reference to actions by any supervisors in this claim); Counts 6-Count 18, 2002; Counts 19-26, 2003; Count 27, February 2005, with one component of the claim that may have accrued in 2007 but involved no conduct from any of the supervisor defendants; Counts 28-31, 2004; Count 32, March 31, 2005; Count 33, June 1, 2005.

[3] These claims allege various types of misconduct, but none involve any allegations against the Board of Supervisors or individual members. Those claims are: Count 34, which makes no mention of the board of supervisors; Count 35, which makes allegations based on the decision by a judge in a criminal matter; Count 36, which is related to plaintiff's term of probation; Count 37, which makes no allegations about the supervisors; Count 38, which makes no allegations about the supervisors, Count 38, which makes no allegations about supervisors; Count 39, which makes no allegations about the supervisors; Count 40, where plaintiff complains about private conduct about which he did not notify the police; Count 41, where plaintiff complains about private conduct about which he did not notify the police; Count 42, which makes no allegations about the supervisors; Count 43, which makes no allegations about supervisors; Count 44, which makes no allegations about supervisors; Count 45, which makes no allegations about supervisors; Count 46, which describes purely private action; Count 47, which makes no allegations about supervisors; Count 48, which makes no allegations about supervisors; Count 49, which alleges purely private action plaintiff did not report to the police; Count 50, which describes purely private action plaintiff did not report to the police; Count 51, which describes purely private action plaintiff did not report to the police; Count 52, which describes purely private action plaintiff did not report to police; Count 53, which describes purely private action plaintiff did not report to the police; Count 54, which contains no allegations against the supervisors; Count 55, which contains no allegations against the supervisors; Count 56, which contains no allegations against the supervisors; Count 57, which contains no allegations against the supervisors; and Count 58, which contains no allegations against the supervisors.

7

actions of court officials or police officers, and many more do not allege any state action at all, even a failure to respond to plaintiff's complaints.

Because plaintiff has not alleged any particular conduct by the Board of Supervisors or the individual supervisors that occurred within the limitations period, the court will grant the defendants' motion to dismiss on statute of limitations grounds. (See Claims 34-58 in Amended Complt.).

**B. Motion of Defendants Alan Houseknecht and Duane Hildebrand**

Defendants Alan Houseknecht and Duane Hildebrand also move to dismiss plaintiff's claims against them. These defendants are members of the Sugarloaf Township Fire Department. They argue that the claims against them are barred by the statute of limitations. They also contend that the claims against them are not stated with any specificity. Instead, the allegations are merely conclusory.

Plaintiff's complaint raises claims against Defendants Houseknecht and Hildebrand in Counts 1, 6, 20, 22, 23 and 25, and a claim against Defendant Houseknecht in count 37. As explained above, the claims in Counts 1-33 are all brought outside the statute of limitations. As such, all of the claims plaintiff raises against Defendant Hildebrand are barred by the statute of limitations, and the court will grant that defendant's motion to dismiss on those grounds.

One of the claims against Defendant Houseknecht, however, is based on incidents that took place in July 2006. In Count 37, plaintiff alleges that on July 22, 2006 he called 911 to complain about illegal burning on his neighbor's property.

8

(Amended Complt. at ¶ 1341). Plaintiff soon received a return call from the "Sugarloaf Township Fire Chief," presumably defendant Houseknecht. (Id. at ¶ 1342). Houseknecht told plaintiff that his neighbor's burning was not illegal, a claim that plaintiff disputed by referencing limitations in the law. (Id. at ¶ 1343). Plaintiff then complained to Houseknecht that police had not yet responded to his 911 call. (Id. at ¶ 1344). Defendant told plaintiff that police were "'not on duty yet'" but promised to "'inform them to respond.'" (Id.). Despite this promise, no officer responded to plaintiff's call. (Id. at ¶ 1346). Though officials later informed plaintiff that the officer he had been told was to respond to the call had not been on duty, plaintiff alleges that others had seen him working that night. (Id. at ¶¶ 1351-53).

Defendant Houseknecht alleges that the claim made in Count 37 is also barred by the statute of limitations. He contends that he was not named as a party until the plaintiff filed his final amended complaint on August 10, 2008. (See Docs. 71-73). Since the events plaintiff references occurred more than two years before plaintiff named defendant in his final amended complaint, Houseknecht argues that the complaint is untimely. The court notes, however, that plaintiff filed an earlier amended complaint on May 9, 2008 that lists Houseknecht as a party. (See Doc. at 3). Federal Rule of Civil Procedure 15(c) provides that:

> [a]n amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original

9

pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15()(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(C).

The court concludes that plaintiff's final amended complaint relates back to plaintiff's first amended complaint, which names Houseknecht as a defendant. The final amended complaint raises claims related to the alleged township-wide conspiracy that was the subject of the original amended pleading. Plaintiff contends that township officials conspired to permit plaintiff's neighbor and her family to harass and terrorize him by refusing to enforce the laws his neighbor supposedly broke. That complaint was served within the 120-day period required by Rule 4(m). While service came more than 120-days after the filing of the amended complaint, such delay is traceable to the court's actions, and not plaintiff's. The court provided the final amended complaint the screening required of all *in forma pauperis* complaints, and this review expended more than the period reserved for serving a complaint. "[O]nce a plaintiff submits an *in forma pauperis* complaint within the time provided by the statute of limitations, and after the § 1915(a) *in forma pauperis* determination is made, the 120 day period of rule 15(c)(3) for satisfying the requirements for relation back of an amendment that changes or adds a party is suspended while the district court considers the § 1915(d) question." Urrutia v.

10

Harrisburg County Police Dept., 91 F.3d 451, 453-54 (3d Cir. 1996). Thus, the complaint raised by plaintiff in Count 37 came within the two-year statute of limitations and the court will deny dismissal of the count on those grounds.

The allegations in Count 37 against Houseknecht, however, fail to state a claim for another reason. As related above, the only allegation against defendant on that claim is that he returned an emergency telephone call from plaintiff and reported to him his opinion of the burning laws in the township, as well as the name of the Police Officer charged with responding to plaintiff's call. The court earlier determined that plaintiff could possibly state a "class of one" equal protection claim against the fire-department defendants. The United States Supreme Court has stated that "[o]ur cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also, Holder v. City of Allentown, 987 F.2d 188, 197 (3d Cir. 1993) (finding that "it has long been established that discriminatory enforcement of a statute or law by state and local officials is unconstitutional."). Plaintiff does not allege that Houseknecht intentionally refused to provide him equal protection of the law; instead he simply alleges that he and Houseknecht had a disagreement about what the law was. Plaintiff does not allege that defendant did or refused to do anything, or even that Houseknecht was charged with enforcing any provision of the law. Such

11

allegations do not create an equal protection claim, and the court will grant the motion to dismiss on this point.

Since none of the claims against Defendant Hildebrand satisfy the statute of limitations and the only claim against Defendant Houseknecht that could conceivably satisfy the statute of limitations does not state a claim upon which relief could be granted, the court will grant these defendants' motion to dismiss as well.

### C. Motion of John Hudson and Tommy Brown

Defendants John Hudson and Tommy Brown also filed a motion to dismiss the plaintiff's complaint, offering several grounds for such dismissal. The court will address each of those grounds, as appropriate.

#### i. Statute of Limitations

Plaintiff's claim against Defendants Hudson and Brown is that they violated his right to equal protection of the law under a "class of one" theory. Defendants argue that all of plaintiff's claims against them are barred by the statute of limitations. All of the allegations against them, they insist, cover events that took place more than two years before the filing of the complaint in July 2007. Those claims are thus barred and plaintiff's action should be dismissed.

The court has already determined that the first thirty-three counts of plaintiff's complaint cover events that occurred outside the statute of limitations. The question here, then, is whether any of plaintiff's final twenty-five counts, which cover events within the statute of limitations, raise claims against Defendants Hudson and Brown.

12

Of those twenty-five counts, two raise claims against Defendant Brown and one against Defendant Hudson. All of the other counts, though they name the defendants, specify no conduct which could conceivably make them liable. The counts either allege discriminatory conduct by other public officials or cite purely private conduct about which plaintiff made no complaints to any public officials.

Whether the case states a claim within the statute of limitations turns, then, on whether plaintiff has stated a claim upon which relief can be granted on either of these two claims. Count 56 cites conduct by both Defendant Brown and Defendant Hudson. In September 2007 plaintiff allegedly contacted the Sugarloaf Police to complain that workers hired by his neighbor had trespassed on his property. (Amended Complt. at ¶ 1568). A Sugarloaf Police Officer, Matt Williams, responded to the call. (Id. at ¶ 1569). Plaintiff contends that Williams gave the workers permission to trespass on his property. (Id. at ¶ 1575). Plaintiff attempted to explain to Williams the continual harassment he had faced from his neighbor and her extended family; while Williams agreed with plaintiff that such behavior was inappropriate, he also "smirked" and appeared unwilling to do anything to halt the harassment. (Id. at ¶¶ 1580, 1587-88). Plaintiff and Williams also had a disagreement over whether plaintiff could tape their conversation, after which Williams left. (Id. ¶¶ 1592-1602).

Plaintiff references Defendants Hudson and Brown in this count. He notes that Williams had previously worked as a police officer in the Borough of

13

Conyngham, Pennsylvania.  (Id. at ¶ 1571).  "Without any notice," Williams quit his job in that Borough and joined the Sugarloaf police force.  (Id.).  Williams actions caused "disarray" in Conyngham.  (Id.).  According to plaintiff, he left his job at the "insistence" of Defendants Brown and Hudson.  (Id.).  Plaintiff also contends that Williams acted in a fashion similar to Hudson and Brown in dismissing plaintiff's complaints about his neighbor; Hudson and Brown "would constantly smirk at me or laugh at me and turn and walk away doing nothing" on such occasions.  (Id. at ¶ 1590).

Plaintiff does not state a claim upon which relief could be granted against either Hudson or Brown based on these allegations.  As explained above, to prevail on his "class of one" theory against Hudson or Brown, plaintiff would have to demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  Village of Willowbrook, 528 U.S. at 564; see also, Holder v. City of Allentown, 987 F.2d 188, 197 (3d Cir. 1993) (finding that "it has long been established that discriminatory enforcement of a statute or law by state and local officials is unconstitutional."). The facts alleged here do not demonstrate that either Hudson or Brown acted in a way that impacted plaintiff at all during his interaction with Williams.  Whether or not Hudson and Brown worked to bring Williams to the Sugarloaf police force is not material to the question of whether anyone intentionally treated plaintiff differently than other similarly situated persons.  Similarly, whether Hudson and Brown smirked

14

and laughed at plaintiff's complaints about his neighbor on previous occasions is not material to whether Williams discriminated against plaintiff during the incident in question. The court will therefore grant the motion on this point. As this is the only claim brought against Defendant Hudson that falls within the statute of limitations, the court will grant his motion to dismiss in its entirety and close the case against him.

One other count that cites events within the applicable statute of limitations references Defendant Brown. Count 37 alleges that on July 22, 2006 plaintiff's neighbor engaged in illegal burning on her property. (Amended Complt. at ¶ 1341). Plaintiff called 911 and eventually spoke to someone in the Police Department, who told him that Defendant Brown was set to come on duty and should respond to his call. (Id. at ¶¶ 1343-44). Brown allegedly never responded to his call, despite evidence that he had come on duty that day. (Id. at ¶¶ 1346, 1351).

Defendant argues that these claims cannot survive a motion to dismiss, as the allegations are merely conclusory and do not allow the court to do more than not the mere possibility of misconduct. Defendant insists that the allegations "do not show that Moving Defendants failed to investigate Plaintiff's complaint about his neighbors because" he suffered from post-traumatic stress disorder. Defendant also argues that plaintiff has failed properly to assert a "class of one" equal protection claim because he does not allege the existence of similarly situated individuals treated differently than he was treated.

15

The court is unpersuaded by defendant's arguments. Keeping in mind that plaintiff filed his complaint *pro se* and is entitled to a generous reading of his claims, the court concludes that plaintiff has stated a class of one equal protection claim based on the allegations in the complaint. Here, the court reads plaintiff's complaint to contend that Officer Brown refused to come to his home when called, and that this refusal was part of a course of conduct designed to harm plaintiff and support the egregious actions of his neighbors. Plaintiff alleges that police refused to respond to his calls, though they responded to his neighbors, and that there was no reason for this treatment except defendant's irrational animus towards him. The Third Circuit has held that a plaintiff asserting a "class of one" claim "must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006). Plaintiff's allegations are therefore sufficient to state a claim, and the court will deny the motion on these grounds.

Finally, defendant alleges that he should be entitled to qualified immunity on plaintiff's claims. Qualified immunity can serve as a defense for an individual defendant accused of a civil rights violation. See Hunter v. Bryant, 502 U.S. 224, 227 (1991). Qualified immunity does not apply where state officials violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Wright v. City of Philadelphia, 409 F.3d 595, 699-700 (3d Cir. 2005)

(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). For a qualified immunity analysis, therefore, the court must examine: 1) whether officials violated a constitutional right and 2) whether that right was clearly established at the time. Id.

As the court has determined that plaintiff has stated a claim for a violation of his equal protection rights, the question for the court here is whether the right in question was clearly established at the time of the alleged violation. The court finds that qualified immunity does not apply under these circumstances. The right violated here was allegedly plaintiff's right to equal protection of the laws. He contends that Defendant Brown violated this right by refusing to answer plaintiff's calls about his neighbors' conduct without a rational basis for such refusal. The right to equal protection of the laws, specifically to equal and unbiased treatment from the police was clearly established at the time of the incident. No reasonable police officer would be unaware of his duty to respond to a call, regardless of the identity of the caller. Qualified immunity does not apply under these circumstances. The court will deny the motion on these grounds.

**Conclusion**

For the reasons stated above, the court will grant the motions to dismiss of the Supervisor defendants and the Fire Department defendants in their entirety. The court will also grant Defendant Hudson's motion to dismiss. The court will deny the motion of Defendant Brown as the motion relates to the incident described in Claim 37. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER M. SHAUD,** | : | No. 3:07cv1212 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **SUGARLOAF TOWNSHIP** | : | |
| **SUPERVISORS;** | : | |
| **JOHN HUDSON;** | : | |
| **TOMMY BROWN;** | : | |
| **SUGARLOAF TOWNSHIP;** | : | |
| **ROBERT STAZIOLA;** | : | |
| **JOYCE P. STEVENS;** | : | |
| **EARL MILLER;** | : | |
| **TYLER FREDERICK;** | : | |
| **DUANE HILEBRAND; and** | : | |
| **ALAN HOUSEKNECHT** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 11th day of March 2011:

1. The motion of Defendants Tommy Brown and John Hudson for an extension of time to file an answer to the amended complaint (Doc. 93) is hereby **DENIED** as moot;

2. The motion to dismiss (Doc. 98) of Defendants Tommy Brown and John Hudson is hereby **GRANTED** in part and **DENIED** in part, as follows:

   a. The motion is **GRANTED** with respect to Defendant Hudson. The

Clerk of Court is directed to dismiss him from the case;

b. The motion is **DENIED** with respect to plaintiff's claims against Defendant Brown in Count 37 of the amended complaint; and

c. The motion is **GRANTED** with respect to Defendant Brown on all other claims against him;

3. The motion to dismiss (Doc. 100) of Defendants Sugarloaf Township, Robert Staniloza, Joyce P. Stevens, Earl Miller, Tyler Frederick, and the Sugarloaf Township Supervisors is hereby **GRANTED**; and

4. The motion to dismiss (Doc. 108) of Defendants Duane Hidlebrand and Alan Houseknecht is hereby **GRANTED**.

**BY THE COURT:**

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**